**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHELLE DENISE HELAIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-863-GBW-SRF |
| | ) | |
| BARCLAYS BANK DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Michelle Denise Helaire ("Plaintiff") appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) She filed this action on July 15, 2026, naming Barclays Bank as Defendant. (D.I. 1) The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, I recommend that the court DISMISS the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I. BACKGROUND

It is difficult for the court to discern Plaintiff's allegations as pleaded. Plaintiff, a resident of Nevada, brings her claim under Article 1, Section 10 of the Constitution, which places limitations on the rights and powers exercised by the states and has no clear application to Defendant, a nongovernmental financial institution. The entirety of the factual allegations in the complaint are as follows:

> I sent the notice of unpaid lien to the company (which I will attach to this case), letting them know about the first obligation trust lien that I needed to get taken care (which had nothing to do with them). They completely ignored the notice and continued to report account on credit which now puts them at fault for the trust lien security agreement pay off for delaying and ignoring the first obligation pay off.

(D.I. 1 at 4) No liens, trust documents, security agreements, or other exhibits were attached to the complaint. Plaintiff seeks damages in the amount of $1 million, which she represents is the amount owed for the trust security agreement violation. (*Id.*)

The court takes judicial notice of the fact that Plaintiff filed a nearly identical complaint against Stride Bank, N.A. in the Western District of Oklahoma, seeking $1 million for the "amount owed for violation of trust security agreement." *Helaire v. Stride Bank NA*, C.A. No. 5:26-2173, D.I. 1 (W.D. Okla. Aug. 17, 2026). That action remains pending.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the court must grant plaintiff leave to amend

his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff's complaint, even when viewed in the light most favorable to her, is largely unintelligible and fails to set forth any discernable cause of action. The complaint is devoid of specific factual allegations that could assist the court in determining how Defendant's actions violate a right secured by the Constitution or laws of the United States. *See Erickson*, 551 U.S. at 93 (explaining that Rule 8 requires a complaint to provide notice of "what the . . . claim is and the grounds upon which it rests."). Accordingly, I recommend that the court dismiss the

complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Amendment would be futile.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

**ORDER**

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on November __, 2026 is **ADOPTED**.

2. Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1), and the case is **CLOSED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 19, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE